**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan MARTINEZ–CATALAN,**
**Defendant–Appellant.**

**No. 05–40443**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Juan Martinez–Catalan (Martinez), appeals his guilty plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by illegally reentering the United States after deportation. He argues, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the 48–month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Martinez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Martinez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Martinez contends that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. As Martinez concedes, this claim is not ripe for review on direct appeal. *See United States v. Carmichael,* 343 F.3d 756 (5th Cir.2003). The claim is dismissed.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.